IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PURECHOICE, INC. §<br>    Plaintiff, §<br> §<br>v. §<br> §<br>HONEYWELL INTERNATIONAL, INC., §<br>    Defendant. §<br> §<br> § | CIVIL ACTION NO. 2:06-CV-244 (TJW) |

## MEMORANDUM ORDER

Before the Court is Defendant Honeywell International, Inc.'s Motion to Stay (#22). After considering the parties' written submissions, the motion is DENIED.

### I.   Introduction

Plaintiff PureChoice, Inc. ("PureChoice) filed suit on June 15, 2006, against Defendant Honeywell International, Inc.'s ("Honeywell") for infringement of U.S. Patent No. RE 38,985 E ("the '"985 patent") entitled "Environment Monitoring System." The '985 patent is a reissue of U.S. Patent No. 5,892,690. On January 26, 2007 Honeywell filed a request for an *ex parte* reexamination of the '985 patent with the Patent and Trademark Office ("PTO"). Honeywell now requests a stay pending completion of the PTO's reexamination.

### II.   Discussion

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the Court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662 (citation omitted).

### A.   Prejudice and Tactical Advantage

PureChoice and Honeywell are direct competitors. In addition, the PTO has not provided any definitive guidance on the length of time required for the reexamination. Accordingly, the potential delay for an indefinite period would likely prejudice PureChoice. *See Ricoh Co., Ltd. v. Aeroflex Inc.*, 2006 WL 3708069, *2 (N.D. Cal. Dec. 14, 2006); *Lexington Lasercomb I.P.A.G. v. GMR Products, Inc.*, 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006). Furthermore, Honeywell likely filed the request for reexamination after this suit was filed in an effort to delay this suit from going forward. This factor, therefore, weighs strongly against a stay.

### B.   Simplification of Case

Notwithstanding the defendant's argument that the patent claims will likely materially change or be voided, it is also likely that some claims and issues will remain after the reexamination has been completed. Accordingly, waiting for the completion of the reexamination may only simplify the case to a limited degree. This factor is speculative and does not support a stay.

### C.   Stage of Proceedings

This suit is in the early stages. The scheduling conference has already been completed and discovery has just commenced. Accordingly, this factor weighs in favor of a stay.

**III.     Conclusion**

The Court has considered the competing interests and concludes that the interest in proceeding with this case outweighs any benefits from staying this case. Accordingly, the Court exercises its discretion and DENIES the defendant's motion to stay pending reexamination.

SIGNED this 20th day of April, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE